DANIEL HILL

v.

NANCY SPENCER *et al.*

*Opinion filed April 16, 1902.*

PLEADING—*when a bill is bad, on demurrer, for uncertainty.* A bill purporting to be filed in behalf of an alleged remainder-man by the life tenant, his next friend, seeking to have the deed under which they claim construed to pass a fee simple title, is bad on demurrer, where it is impossible to tell from the allegations which party is in possession of the land, or to which one the allegations, upon which the right to relief is based, refer.

APPEAL from the Circuit Court of White county; the Hon. P. A. PEARCE, Judge, presiding.

ORGAN & McKINNEY, for appellant.

J. C. PEARCE, for appellees.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from the circuit court of White county, sustaining a demurrer and dismissing a bill brought by appellant against appellees. This bill is of such a peculiar nature that it would take more space to describe it than it will to write it, and it is here produced in full, as follows:

"AMENDED BILL.

"*To the Honorable Prince A. Pearce, Judge of the Second Judicial Circuit of Illinois, in chancery sitting:*

"Your oratrix, Daniel Hill, by Martha Hill, his next friend, would respectfully show unto your honor that on the fifth day of February, 1897, Joseph Spencer and Nancy Spencer, his wife, being the grandmother and grandfather of your oratrix, made, executed and delivered to your orator a good and sufficient warranty deed conveying to your orator the south-west fourth of the south-east quarter of section 21, township 3, south, range 10, east. This deed had written on its face the follow-

ing words, to-wit: 'This deed is, however, made on the express condition that if the said Martha Hill should die leaving surviving her no heirs of her body, said real estate shall revert to said Joseph Spencer if he is then living, or to his heirs-at-law if he is then dead, and he or they shall have the right to immediately re-enter upon said land.' The deed also is in these words, to-wit: 'To Martha Hill, a child of grantors, and to the heirs of her body, a copy of the said deed is hereunto attached and made a part of this bill and marked exhibit A.' Your oratrix further shows to the court that by the said deed the son and only heir, Daniel Hill, born of her body of Martha Hill, takes, in law, a fee simple title absolute, but he shows to the court that the said grantor, Joseph Spencer, is dead, leaving a large number of heirs, who claim that by said deed your oratrix only takes a life estate in said land, and insist that, by the terms of said deed, in case your oratrix should die without issue, they, the children and heirs of said Joseph Spencer, would be the owners of said land.

"Your orator avers that by the said deed he takes a fee simple title to the said land, and that the condition in said deed written creates a cloud on the title of your orator, and renders it impossible for him to sell the same for its real value, and disquiets his title thereto; that his mother, Martha Hill, is past the time of life to have children.

"Your orator states that he is in possession of said land and has no means of quieting his title thereto in an action at law, and that the defendants refuse to sue at law or in equity to test the validity of the said condition in said deed, and having no remedy except in a court of equity, your orator prays the court that Nancy Spencer, Edward Spencer, Joseph J. Spencer, Frank V. Spencer, George W. Spencer, Mary Hanks, Sarah Hodgson, Alma Goodman, Rosa B. Spruell, Chauncy Spencer, be made defendants to this bill; that they, and each of them, be

required to make full, true and direct answer to this bill, but not under oath, the oath being hereby waived; and upon a hearing hereof that the court will adjudge and decree that the deed above described conveys to your orator a fee simple title absolute to said land, and that the condition therein written be construed not to limit or in any manner curtail said fee simple title, but that, notwithstanding said condition, the fee be adjudged to stand perfect in your orator, with full power to use, sell, convey and dispose of said land, and such other relief as to the court seems just, etc.

"Your orator prays for a writ of summons, directed to the sheriffs of White and Edwards and Wayne counties, for service on said defendants, Nancy Spencer, Edward Spencer, Joseph J. Spencer, Frank V. Spencer, George W. Spencer, Mary Hanks, Sarah Hodgson, Alma Goodman, Rosa B. Spruell, Chauncy Spencer, all of White county, to be served as defendants, and as in duty bound your oratrix will ever pray, etc.

DANIEL HILL,
By MARTHA HILL, next friend.
MARTHA HILL, <i>Complainant.</i>"

The deed, "Exhibit A" to the bill, was as follows:

"*Warranty Deed.*—The grantors, Joseph Spencer and Nancy Spencer, his wife, of the county of Edwards and State of Illinois, for and in consideration of $1000 in hand paid, convey and warrant to Martha Hill, a child of the grantor, and to the heirs of her body, of the county of White and State of Illinois, the following described real estate, to-wit: The south-west fourth of the south-east quarter of section 21, in township 3, south of range 10, east. This deed is, however, made on the express condition that if the said Martha Hill should die leaving surviving her no heirs of her body, said real estate shall revert to said Joseph Spencer if he is then living, or to his heirs-at-law if he is then dead, and he or they shall have the right to immediately re-enter upon said lands.

This conveyance is made and accepted as an advancement to the amount of the above mentioned consideration on the share of said grantee in the estate of said Joseph Spencer. Said real estate is situated in the county of White, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State.

"Dated this fifth day of February, A. D. 1897.

JOSEPH SPENCER,      [Seal.]

NANCY X̲ SPENCER.   [Seal.]
   mark.

"Signed, sealed and delivered in the presence of Joseph J. Spencer, Frank V. Spencer."

A general demurrer was interposed to this bill and sustained by the court, to which appellant excepted and perfected his appeal.

It is difficult to tell whose bill this is. It begins by informing the court that it is brought by *"your oratrix,"* which is immediately followed by "Daniel Hill, by Martha Hill, his next friend." In reading the bill through, it will be found, in the light of the deed which is made a part of the bill, that part of the allegations relate to the complainant in the bill and part of them to his next friend. It alleges that "the grandmother and grandfather of your *oratrix* made, executed and delivered to your *orator* a good and sufficient warranty deed," etc. Further on the bill alleges that "your oratrix further shows to the court that by the said deed the son and only heir, Daniel Hill, born of her body of Martha Hill, takes, in law, a fee simple title absolute." It then alleges the death of Joseph Spencer, "leaving a large number of heirs, who claim that by said deed your *oratrix* only takes a life estate in said land, and insist that, by the terms of said deed, in case your oratrix should die without issue, they, the children and heirs of said Joseph Spencer, would be the owners of said land." The bill nowhere alleges or states who the children and heirs of Joseph Spencer are, but alleges that the condition written in the deed creates a

cloud on the title of "your *orator*." In the next para-
graph it is alleged, "your orator states that he is in pos-
session of said lands and has no means of quieting his
title," etc.   The bill then makes certain parties defend-
ants, asks that they be required to answer without oath,
and prays "that the court will adjudge and decree that
the deed above described conveys to your orator a fee
simple title absolute to said land."   Then the bill is
signed, "Daniel Hill, by Martha Hill, his next friend.
Martha Hill, complainant."

It is probable, taking the whole bill together and the
various allegations in it, that it should be construed to
be the bill of both Daniel Hill and Martha Hill, but under
its averments it occurs to us that it would be very diffi-
cult to tell who is in possession of the land.   If the bill
means that Daniel Hill is in possession, he makes no ex-
planation of what has become of his mother's life estate
or how he came to have such possession as would author-
ize him to bring a bill to remove a cloud under any cir-
cumstances.   Nor does the bill allege that the parties
made defendants thereto are the children of Joseph
Spencer, or that the defendants to the bill, or any of
them, have any apparent title of record that could be
regarded as a cloud, or are claiming to have any title
to or interest in the land.   The original bill does not ap-
pear in the record.   It seems from statements of counsel
in their briefs that it was brought by Martha Hill and a
demurrer sustained to it and this amended bill filed by
leave of court.   This fact may account for the pecu-
liar verbiage of this bill and its apparent inconsistent
allegations.

Appellees insist that Martha Hill is a necessary party
to any bill affecting the title to this land and that she is
not made a party to this bill.   While, as we have already
stated, the averments are so contradictory and uncertain,
as set forth in the bill, that it is very difficult to tell
what was in the mind of the pleader when it was drawn,

still we are inclined to hold that Martha Hill is a party complainant to the bill. In a number of places in the bill certain allegations are made by her as *oratrix* and in a number of other places averments are made by *orator*, and in some places the averments are so confused that it is impossible to tell from the bill who it is that makes the allegations. It does not appear that any of the allegations are made by both Daniel and Martha Hill, and the prayer is only by Daniel Hill, but the bill is signed "Daniel Hill, by Martha Hill, his next friend," and is also signed "Martha Hill, complainant." But as we have before pointed out, one of the allegations in the bill is that the makers of the deed delivered it to Daniel Hill, the orator, while the deed itself is to Martha Hill, and Daniel Hill is nowhere mentioned in it, and there is no sort of explanation of what has become of the title or life estate of Martha Hill. The allegation that Martha Hill is past the time of life to have children is meaningless, as she is, in law, presumed to be capable of bearing children as long as she lives, unless more than a mere matter of age is stated in the bill. It is apparent that the court could not decree an absolute title in Daniel Hill and authorize him to dispose of the land with Martha Hill still living and having a life estate in the land with the possibility of other issue. In view of the uncertainty of the allegations and the many contradictions made by the various allegations of the bill and the nature of the prayer therein, we think the chancellor was justified in sustaining the demurrer to it. We do not deem it advisable or necessary to now construe this deed, as we regard the matter not properly before us.

The decree of the circuit court sustaining the demurrer and dismissing the bill is affirmed.

*Decree affirmed.*