(No. 13614.—Decree affirmed.)
JOHN DEAN GILLETT HILL, Appellant, vs. THE SANGAMON
LOAN AND TRUST COMPANY et al. Appellees.

*Opinion filed December 21, 1920—Rehearing denied Feb. 4, 1921.*

1. WILLS—*possibility of issue is not extinct until death.* There is in law no age beyond which the possibility of issue is extinct in a woman, and the single fact that terminates the ability to bear children is death.

2. SAME—*when remainder is contingent in lineal descendants of life tenant.* A devise of a life estate to each of the testator's children with remainder to the lineal descendants of the respective life tenants who shall survive them, creates a contingent remainder in the life tenants' lineal descendants.

3. SAME—*when a devise creates contingent remainder with a double aspect.* A devise of land to the testator's daughter for life with remainder to her surviving lineal descendants, and if she shall die without surviving lineal descendants then to the testator's surviving children, creates a contingent remainder with a double aspect, and the limitations run concurrently, no title vesting in any. of the remainder-men until the termination of the life estate.

4. PARTITION—*what is not such interest as may be partitioned.* An interest consisting merely of the chance of having an estate in the future provided a life tenant dies without lineal descendants surviving is not such an interest as may be partitioned.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

LELAND L. MILLER, for appellant.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

John D. Gillett, grandfather of appellant, died testate, seized of a large amount of real estate in Logan county, and left him surviving as his only heirs-at-law his eight children. By his last will and testament he devised to two of his daughters, Nina Lemira Gillett and Amarilla Tuttle Gillett, each an undivided one-half of certain business property in Lincoln, the real estate in question, to be used and

enjoyed by each of them during her natural life with remainder in fee to her lineal descendants her surviving, and in the event of her having no child or children, power to appoint any lineal descendant of testator to take the remainder in fee, and in the event of her dying without lineal descendants surviving and without exercising the power of appointment, then the remainder in fee to go to all testator's surviving children as residuary devisees. Appellee the Sangamon Loan and Trust Company claims the legal title to a one-eighth interest through a child of the testator that died subsequently to the death of testator. Testator's widow and the other seven children conveyed by warranty deeds all their right, title and interest in the real estate in question to appellant, the life tenants excepting their life estates, and he now claims to have a vested seven-eighths interest in fee in the property in question, subject to the life estates of the two daughters and subject to be divested by the happening of certain contingencies. He claims all the benefits of the power of appointment by virtue of the warranty deeds, but from the view we take of this case we find it unnecessary to decide this point and will consider the case as though the power of appointment did not exist. Claiming that the life tenants had reached that age where there was no possibility of children being born to them, and claiming, therefore, to own the reversion in fee in the land in question, subject only to the life estates, appellant filed his bill in the circuit court of Logan county seeking partition. The Sangamon Loan and Trust Company, the life tenants and the lessees of the real estate in question were made defendants. All defendants were defaulted, but the chancellor refused to award partition, and this appeal followed.

Appellees have filed no brief in this court, so we have been compelled to make an independent investigation of the record in order to determine whether appellant is entitled to a decree awarding partition.

A devise of a life estate to each of testator's children with remainder to the lineal descendants who shall survive the life tenant creates a contingent remainder in the life tenant's lineal descendants. (*Kleinhans* v. *Kleinhans,* 253 Ill. 620; *Robeson* v. *Cochran,* 255 id. 355; *Spatz* v. *Paulus,* 285 id. 82.) The remainders to the lineal descendants of the life tenants, Nina Lemira Gillett and Amarilla Tuttle Gillett, were therefore contingent, and until there is no longer a possibility of the life tenants leaving lineal descendants surviving them it cannot be ascertained whether title to this real estate will ever vest in appellant. The life tenants are sixty-seven and sixty-three years of age, respectively, and no child has ever been born to either of them. It is contended by the appellant that both life tenants have passed that period of life and have experienced the necessary physical change so that no child may now be born to either of them.

When the possibility of issue is extinct in a woman has never been directly decided by this court. In *Hill* v. *Spencer,* 196 Ill. 65, the court had under consideration the sufficiency of a bill, and in passing on this question the court said, among other things: "The allegation that Martha Hill is past the time of life to have children is meaningless, as she is in law presumed to be capable of bearing children as long as she lives, unless more than a mere matter of age is stated in the bill." In England the courts have in some cases acted upon the inference that women under various circumstances of age and other conditions have become incapable of bearing children, but in some of the English courts it has been held that such incapacity will never be presumed where the devolution of property is thereby affected. We know of no case in the courts of the United States, and we think none can be found, in which this presumption has been recognized and given effect. Nature has fixed no certain age, by years, at which child-bearing capacity shall begin or end. Any conjecture based on age is

too doubtful and uncertain to result in any reliable conclusion. If it can be determined that the possibility of issue is extinct in a woman in one case it may in another. We may concede that these life tenants have passed the age to which the ability to bear children usually continues, but the law appears to have settled the question that there is no age beyond which child-bearing is impossible. We think this rule of law sound on moral grounds and on grounds of public policy. If the rule were otherwise, surgical operations might be resorted to to make it absolutely certain that no issue could be born. If in a controversy involving title to an estate it may be shown that a woman is incapable of bearing children, so that a trust deliberately created for her benefit during her life, only, may be brought to an end with a view of vesting an absolute interest in her or so that the vesting of a remainder may be accelerated, no one can foretell to what lengths such a precedent would lead. It is obviously not the province of courts of justice, and especially courts of equity, to establish any precedent which would encourage fraud or immoral acts that would result in the defeat of a settlement or the termination of a trust. The law recognizes the possibility of issue in all adult women, and the single fact that terminates the ability to bear children is death. *List* v. *Rodney*, 83 Pa. St. 483; *Ricards* v. *Safety Deposit and Trust Co.* 97 Md. 608, 55 Atl. 384; *Bowlin* v. *Rhode Island Hospital Trust Co.* 31 R. I. 289, 76 Atl. 348; 1 Elliott on Evidence, sec. 122; 9 Ency. of Evidence, 894; 16 Cyc. 1073.

Waiving, for the purposes of this decision, the power of appointment, we have a case the same as if the limitations were to A for life with remainder to the surviving lineal descendants of A, and if A die without surviving lineal descendants then to B. This devise creates a contingent remainder with a double aspect. (*Furnish* v. *Rogers*, 154 Ill. 569; *Golladay* v. *Knock*, 235 id. 412; *Smith* v. *Chester*, 272 id. 428; *Stevens* v. *VanBrocklin*, ante, p. 434.) If

either of the life tenants should die leaving a child or children or descendants of such child or children, then the remainder in fee will vest in such child or children or their descendants, but if such life tenant should die without lineal descendants surviving, the remainder in fee will vest, under the will and the warranty deeds, in appellant. These limitations are not expectant upon each other, and the one will not take effect after the other, but they are contemporaneous. They run concurrently, and no title will vest in any of the remainder-men until the termination of the life estate by the death of the life tenants. Appellant has no such interest in this property as entitles him to partition. His interest is merely the chance of having an estate in the future if the life tenants die without lineal descendants surviving them.

The decree of the circuit court is affirmed.

*Decree affirmed.*