### FIRST NAT. BANK OF BIRMINGHAM, ALA., v. SNEAD, Collector of Internal Revenue.

Circuit Court of Appeals, Fifth Circuit.
February 3, 1928.

No. 5214.

1. Wills ⬅634(1)—Charitable institutions, in existence at time will giving them trust estate after death of widow, took effect, received vested interest therein (Code Ala. 1923, §§ 5671, 6911).

Under Code Ala. 1923, §§ 5671, 6911, charitable institutions which were in existence at time will devising residue of trust estate took effect, and being then capable of taking bequest on death of testator's widow, to whom income of trust estate was devised, received vested estate or interest therein.

2. Trusts ⬅179—Trustees must act in good faith in forming opinion as to matter with reference to which they act in trust capacity.

Trustees are obligated to act in good faith when forming an opinion as to a matter with reference to which they act in a trust capacity.

3. Trusts ⬅276—Discretion vested in trustees to invade corpus of trust estate for support of testator's widow is subject to judicial control.

Where will provided that trustees, on determining net income from trust estate, was insufficient for proper support and comfort of testator's widow, might pay out of such trust estate any additional sum necessary, they could not arbitrarily invade the corpus thereof, and the exercise of discretion vested in them was subject to judicial revision and control.

4. Internal revenue ⬅8(14)—Trustees' power to invade corpus of trust estate did not preclude deduction for estate tax purposes of bequest of residue to charitable institutions (Revenue Act of 1921, § 403 [a] 3 [Comp. St. § 6336¾d]).

Where income from trust estate, bequeathed to widow, together with income from her separate estate, was more than sufficient for her maintenance, the fact that trustees were authorized to invade corpus of trust estate, if necessary, to provide for maintenance, does not preclude deduction under Revenue Act of 1921, § 403 [a] 3 (Comp. St. § 6336¾d), for estate tax purposes of bequest of residue to charitable institutions, since approximate value of bequest was ascertainable under such circumstances, and allowable as deduction.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit by the First National Bank of Birmingham, Ala., as executor of the estate of James C. Patterson, deceased, against W. E. Snead, as Collector of Internal Revenue. Judgment for defendant, and plaintiff brings error. Reversed and remanded for a new trial.

William B. White and Wm. Douglas Arant, both of Birmingham, Ala. (Bradley, Baldwin, All & White, and Cabaniss, Johnston, Cocke & Cabaniss, all of Birmingham, Ala., on the brief), for plaintiff in error.

Thos. H. Lewis, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., and J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The will of James C. Patterson, who died in January, 1923, after directing the payment of certain legacies, left the residue of his estate to his wife, Christina Patterson, and the First National Bank of Birmingham, as joint trustees to pay the income to said Christina Patterson during her life, and, upon her death, to distribute the residue of the trust estate in equal parts to nine named institutions, which were in existence at the time of the testator's death, those institutions being corporations or associations organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. The will contains the following provision: "If at any time in the opinion of said trustees the net income from said trust estate shall not be sufficient for the proper support and comfort of my said wife, the trustees shall pay over to my said wife such additional sum or sums out of the principal of said trust estate as to them may seem necessary or desirable for such purposes."

The will gave the trustees power to invest and reinvest the trust estate and the proceeds of the sale of any portion thereof in such securities or other property, real or personal, as to the trustees may seem suitable, and to change investments and to make new investments from time to time, as to the trustees may seem necessary or desirable.

On the date of the testator's death his widow was 68 years old, and, under recognized mortality tables, her expectancy of life then was 9 years and 47 days. She then had a separate estate worth approximately $300,-000, her income from which for the 12 months immediately following the testator's death was approximately $16,000. During the same period, before the estate tax became assessable, the income from the estate left in trust was $63,550, all of which was invested in income-bearing securities, thereby increasing the value of the widow's separate estate more than $60,000. She has not now, and has not had, any children, descendants, or legal dependents. She is now, and has always been, a woman of frugal and simple habits of life, and has never indulged in extravagance of any sort. During the 12 months immediately following testator's death, she expended about $8,000 for personal expenses, and gave away to various charities and individuals about $8,000. The gross value of the testator's estate at the date of his death was $957,-186.90, and the amounts of debts and specific legacies aggregated $126,524.54. Pursuant to a demand made on the plaintiff in error by the defendant in error, the Collector of Internal Revenue, the plaintiff in error, on July 20, 1925, paid to the defendant in error $33,-469.54; that amount being the difference between what the amount of the estate tax on testator's estate would have been if the above-mentioned amount of the value of the estate devised to charitable institutions had been included in the deductions from the gross value of the testator's estate, instead of being excluded from such deductions. After unsuccessfully appealing to the Commissioner of Internal Revenue, and unsuccessfully making a claim for the refund of said sum of $33,469.54, the plaintiff in error, the First National Bank of Birmingham, suing as executor of testator's will, brought this suit, the complaint in which averred the above-stated facts, and claimed the last-mentioned sum, with interest thereon from the date of the above-mentioned payment thereof. That complaint was demurred to on the ground that the trustees under the will may apply the total corpus of the estate for the proper support and comfort of deceased's widow, and thereby defeat the contingent donations to the alleged charitable institutions. The demurrer was sustained, and, the plaintiff declining to plead further, judgment for defendant was rendered.

The right asserted by the suit to a deduction, for the purpose of the estate tax, from the testator's gross estate of the value of the estate devised to the charitable institutions, is based upon the provision of the Revenue Act of 1921 for the deduction from the value of the gross estate of "the amount of all bequests, legacies, devises, or transfers, ex-

cept bona fides sales for a fair consideration in money or money's worth, in contemplation of or intended to take effect in possession or enjoyment at or after the decedent's death, to or for the use of the United States, any state, territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes." Section 403 (a) 3, 42 Stat. 279 (Comp. St. § 6336¾d).

The contention that the claimed deduction was properly disallowed is based upon the above set out provision of the will conferring on the trustees the power to make payments to the widow out of the principal of the trust estate.

[1] The mentioned charitable institutions having been in existence when the will took effect, and having been then capable of taking the bequests in their favor upon the death of testator's widow, to whom the will gave the income of the trust estate during her life, the estates or interests devised to those institutions were vested. McArthur v. Scott, 113 U. S. 340, 379, 5 S. Ct. 652, 28 L. Ed. 1015; 21 Corpus Juris, 980; Code of Alabama of 1923, §§ 5671, 6911.

[2, 3] Under the above set out provision of the statute, the existence of those bequests required some deduction from the value of the testator's gross estate, unless the power given the trustees to invade the corpus of the trust estate had such scope or effect as to keep the bequests to the charitable institutions from having any substantial ascertainable value when the value of the testator's net estate was to be determined. That power was not to be exercised, except in the event of the net income from the trust estate being, in the opinion of the trustees, not sufficient for the proper support and comfort of the widow, upon the happening of which event "the trustees shall pay over to my said wife such additional sum or sums of the said trust estate as to them may seem necessary or desirable for such purposes." The connection in which the words "sufficient for the proper support and comfort of my said wife" were used indicate that the testator intended to make sure that the beneficiary would have means adequate for her maintenance in a manner suitable or appropriate to the station in life to which she was accustomed, with the comfort resulting from being secured against want or deprivation of what was reasonably needed for her physical, mental, or spiritual ease or enjoyment of the kind of life usually led by her. McSwean v. McSwean, 204 Ala. 663, 86 So. 646; Eskridge v. Ditmars, 51 Ala. 245. The authority of the trustees to make payments to the widow out of the corpus of the trust estate was dependent upon their forming the opinion that the net income from the trust estate is not sufficient for the proper comfort and support of the widow. The trustees are obligated to act in good faith in forming an opinion as to a matter with reference to which they act in their trust capacity. They are not empowered arbitrarily to invade the corpus of the trust estate in the absence of the existence of a state of facts furnishing any support for a reasonable opinion or conclusion that the net income from such estate is insufficient for the proper support and comfort of the widow; and the exercise of the discretion vested in them is subject to judicial revision and control. Stocker v. Foster, 178 Mass. 591, 60 N. E. 407; Farlin v. Sanborn, 161 Mich. 615, 126 N. W. 634, 137 Am. St. Rep. 525; Hoxie v. Finney, 147 Mass. 616, 18 N. E. 593.

[4] From the allegations of the complaint as to the value of the estate, the remainder interest in which was given to, and vested in, the named charitable institutions, as to the income from that estate, as to the value of the separate estate of the widow and the income therefrom, as to her age, disposition, and habits of life, and as to the amount of income required for her comfortable maintenance in the way chosen by herself, it well may be inferred that it is barely possible, but wholly improbable, that at any time any sum in addition to the net income from the trust estate will, in the opinion of any reasonable person acting in good faith, be, or seem to be, necessary or desirable to be paid to her for her proper support and comfort. Those allegations indicate that the possibility of the exercise in good faith of the power conferred on the trustees resulting in the exhaustion of the trust estate is so remote that a finding that, by reason of the existence of that power, the vested interests of the charitable institutions had no substantial value when the will took effect, would be arbitrary and unwarranted. It is not to be supposed that, if those bequests were subject to sale or transfer, it would be seriously disputed that, in the circumstances disclosed,

they could have been disposed of for a substantial sum at the time deductions from the testator's gross estate were to be made. We think that the averments of the complaint show such a state of facts that the existence of the power conferred on the trustees to invade the corpus of the trust estate cannot properly be given the effect of depriving the bequests to the charitable institutions of any substantial value. For estate tax purposes the approximate amount of that value was ascertainable, and was allowable as a deduction from the testator's gross estate. It follows that the court's action in sustaining the demurrer to the complaint was erroneous. Because of that error, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.