## FARRINGTON et al. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, First Circuit.
February 18, 1929.

No. 2303.

Anderson, Circuit Judge, dissenting.

Nelson B. Vanderhoof, of Boston, Mass. (Clark, Vanderhoof & Little, of Boston, Mass., on the brief), for appellants.

Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Mabel Walker Willebrandt, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Irwin R. Blaisdell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., and John Vaughan Groner and Barham R. Gary, Sp. Asst. Attys. Gen., on the brief), for the Commissioner of Internal Revenue.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from a decree of the Board of Tax Appeals, entered on August 24, 1928, sustaining the Commissioner of Internal Revenue in his determination of a deficiency due in an estate tax.

Norton Eugene Hollis, of Craigville, Mass., died testate October 12, 1923, leaving a son, E. Stanwood Hollis, and a daughter, Lucia E. Farrington, aged 52 years. In his will he provided that, in the event of the death of one of his children without issue, the trustee named in his will should pay over to the town of Braintree, in the commonwealth of Massachusetts, one-half of the residue of his estate after the payment of certain specified legacies.

The executors of the will of the decedent filed a return for the purpose of the determination of an estate tax, and deducted therein the sum of $362,063.23 as the value of charitable and public bequests deductible under the provisions of section 403 (a) (3) of the Revenue Act of 1921 (42 Stat. 279).

The Commissioner of Internal Revenue allowed $50,429.84. The difference, $311,-632.39, disallowed by him, was the value at the death of the decedent of one-half of the residue of his estate. The estate taxes in controversy amount to $30,419.89.

The petitioners have not appealed from the decision of the Board of Tax Appeals, sustaining the valuation placed by the Commissioner of Internal Revenue on certain shares of corporate stock.

The only question presented upon this appeal is whether the bequest of the remainder to the town of Braintree had vested at the time of the testator's death, or whether it was contingent upon the daughter, Lucia E. Farrington, dying without issue.

It is contended on the part of the petitioners that the daughter, being 52 years of age at the death of the testator, and having been married since August 30, 1894, and never having borne children, is incapable of bearing a child, and medical testimony was introduced to show that it is an impossibility for her to do so.

The Commissioner contends that the bequest to the town of Braintree would vest only in case Lucia E. Farrington died without issue, and that such bequest could not vest in her lifetime because of the conclusive legal presumption of childbearing capacity.

It is admitted by the petitioners that, in the case of the devolution or descent of property, the presumption upon which the Commissioner insists, and in which he was sustained by the Board of Tax Appeals, is conclusive; but it is contended that this does not apply to a taxing statute.

It is elementary that Congress, in the enactment of any statute, intends it to be construed according to existing law. Wherever such a case has been presented to any court within the United States, it has been ruled that there is a presumption that women are capable of childbearing so long as they live.

It is true that these cases deal with the devolution or inheritance of property and with estates in remainder, and in all such cases brought to our attention the woman has been of such an age as to render her incapable of becoming a mother. In a small number of cases, following the English rule, the presumption has not been applied; but these cases involve the distribution of property under a legacy, or the question of marketable value of property, the title to which has been upheld on the presumption that women were past the age of childbearing.

The law in this country was thus stated by the Supreme Court of Illinois in Hill v. Sangamon Loan & Trust Co., 295 Ill. 619, 129 N. E. 554:

"When. the possibility of issue is extinct in a woman has never been directly decided by this court. * * * In England the courts have in some cases acted upon the inference that women under various circumstances of age and other conditions have become incapable of bearing children, but in some of the English courts it has been. held that such incapacity will never be presumed where the devolution of property is thereby affected. We know of no case in the courts of the United States, and we think none can be found, in which this presumption has been recognized and given effect. Nature has fixed no certain age, by years, at which childbearing capacity shall begin or end. Any conjecture based on age is too doubtful and uncertain to result in any reliable conclusion.

"If it can be determined that the possibility of issue is extinct in a woman in one case it may in another. * * * We think this rule of law sound on moral grounds and on grounds of public policy. If the rule were otherwise, surgical operations might be resorted to to make it absolutely certain that no issue could be born. * * * The law recognizes the possibility of issue in all adult women, and the single fact that terminates the ability to bear children is death."

If the question whether a remainder bequeathed to a town for charitable or educational purposes is to be deducted from the gross estate in determining the net estate liable. to an estate tax could only be determined by evidence as to whether a woman who was a life tenant could bear a child, her physical condition in many cases not the result of age might have to be investigated.

We think it is in the interests of good morals and public policy that the rule which has been so universally acted upon and which was adopted by the Board of Tax Ap-

peals should be followed in the determination of an estate tax.

The decision of the Board of Tax Appeals is affirmed.

ANDERSON, Circuit Judge (dissenting). Practically, the question in this case is whether the United States, for present purposes a body of taxpayers, should take from the town of Braintree, another body of taxpayers, $30,419.89, the income of which is annually applicable to the support of the public schools of the town. Legally, the question is whether Revenue Act 1921, c. 136, 42 Stat. 227, is to be construed as adopting the legal fiction (presumption) that a woman, of whatever age or physical condition, is childbearing. If the truth is admissible in applying this act, it is undisputed that this life tenant is not childbearing; the government rests its case solely on the fiction, claiming that the truth (shown in evidence) must be disregarded.

Undoubtedly the presumption is *generally* adopted in England and in the United States. 22 C. J. 124; List v. Rodney, 83 Pa. 483, 492; Hill v. Trust Co., 295 Ill. 619, 129 N. E. 554. But it is not universally held not open to a showing of the real facts. First Nat. Bank v. Snead (C. C. A.) 24 F.(2d) 186; Male v. Williams, 48 N. J. Eq. 33, 21 A. 854; May v. Bank, 150 Ky. 136, 150 S. W. 12, and in 48 L. R. A. (N. S.) 865–875.

Charitable gifts are always favored by the law, as is shown by the broad and liberal application of the cy pres doctrine. Jackson v. Phillips, 14 Allen (Mass.) 539, and cases cited.

Tax acts are to be rather strictly construed; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211. This means, I think, that exemptions, especially to public charities, are not to be killed by resorting to legal fictions. Tax funds are property devoted to public uses; so are gifts to public charities. There is every presumption that Congress did not intend to divert to its particular public uses money already applicable to the same kind of uses. Neither nation nor state may tax the properties of, or even the salaries paid by, the other. Dobbins v. Erie County, 16 Pet. 435, 10 L. Ed. 1022; Metcalf & Eddy v. Mitchell, 269 U. S. 514, 521, 46 S. Ct. 172, 70 L. Ed. 384, and cases cited; Collector v. Day, 11 Wall. 113, 20 L. Ed. 122; General Laws of Massachusetts, c. 62, § 5(b); Biscoe v. Tax Commissioner, 236 Mass. 201, 203, 128 N. E. 16. I am therefore constrained to the view that Con-

gress intended the act to be construed in the light of the shown truth, and that the decision of the Board of Tax Appeals should be reversed.