## CITY BANK FARMERS' TRUST CO. v. UNITED STATES.

District Court, S. D. New York.
Jan. 30, 1934.

872

Taylor, Blanc, Capron & Marsh, of New York City (Walter E. Cooper and Charles H. Birdsall, both of New York City, of counsel), for petitioner.

Martin Conboy, U. S. Atty., of New York City (Ralph E. Stone, of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The suit is to recover part of the estate tax paid by the petitioner. The defendant moves to dismiss the petition as insufficient on its face.

According to the petition, one Allen died on December 20, 1924, a resident of Florida. By his will he appointed the petitioner as his executor and left his residuary estate in trust. One-fourth of the residue was in trust to pay the income to the testator's son for life and then to pay the income to any wife of the son who might survive him, provided such wife were a person in being at the testator's death. On death of the survivor, the principal of this share was to be paid to the issue of the son then living, and in default of issue to the Manhattan Eye, Ear and Throat Hospital. Another one-fourth of the residue was left in trust to pay the income for life to the testator's daughter, and on her death to pay the principal to her issue then living, and in default of issue to the Manhattan Eye, Ear and Throat Hospital, which is an institution organized and operated exclusively for charitable purposes.

Neither the son nor the daughter have ever had issue. The son was 53 and the daughter was 59 at the testator's death.

The Revenue Act of 1924, like its prede-cessors and successors, in imposing the estate tax permitted the deduction from the gross estate of a decedent of "the amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. * * *" Section 303 (a) (3) of the act, 26 USCA § 1095 note.

In submitting a return on the estate, the petitioner claimed as a deduction the present value of these two remainders bequeathed to the hospital. Both deductions were disallowed and an additional tax imposed, on the theory that the remainders to the hospital were contingent and uncertain. The petitioner paid the additional tax under protest and filed a claim for refund. The claim having been rejected, this suit was commenced on the theory that the deductions claimed should have been granted. Suit is brought in the District Court under the Tucker Act (28 USCA § 41 (20).

On this motion the sole issue is whether the petition states a cause of action for the recovery of any tax. The defendant contends that at the time of the decedent's death it was altogether conjectural whether the remainders would ever pass to the hospital, and that consequently no deduction of these interests was permissible.

■■■■ It is undoubtedly true that the amount of any bequest or devise to a charitable institution allowable as a deduction must be determined on the facts that exist at the decedent's death, and not on facts that develop subsequently. By force of the statute the decedent's gross estate is to be valued as it was "at the time of his death" (Revenue Act 1924, § 302 [26 USCA § 1094 note]), and the value of the deductions is impliedly fixed as of the same time. Ithaca Trust Co. v. United States, 279 U. S. 151, 49 S. Ct. 291, 73 L. Ed. 647. Where the bequest to charity is not one to take effect immediately but is a future estate, the test for estate tax purposes is whether the bequest is reasonably certain, under the circumstances prevailing at the testator's death, to vest in possession and enjoyment. Where the amount, if any, that will pass to charity is quite conjectural, no deduction will be allowed.

That this is the general rule appears from two decisions of the Supreme Court. In Humes v. United States, 276 U. S. 487, 48 S. Ct. 347, 72 L. Ed. 667, the bequest to charities was a future one, contingent on the death of a niece before reaching forty and without issue surviving. The niece was fif-

teen when the testatrix died. Whether the charities would ever take anything could not be determined from any known data; the outcome was purely speculative. The claimed deduction was not allowed. The following year Ithaca Trust Co. v. United States, supra, came before the court. The testator left his residuary estate in trust, his widow to receive the income for life, together with whatever of the principal might be necessary to support her "in as much comfort as she now enjoys"; upon her death there were bequests to charities. Upon the testator's death the income of the estate was ample to maintain the widow in her accustomed comfort. It was argued nevertheless that the power to use principal in the widow's behalf rendered the charitable bequests too uncertain for valuation. The court pointed out that the power to invade principal was not an unlimited one, that at the testator's death there was little likelihood of the power ever being exercised, because of the adequacy of the income at that time, and that "there was no uncertainty appreciably greater than the general uncertainty that attends human affairs" (page 154 of 279 U. S., 49 S. Ct. 291). It was accordingly held that the present value of the future bequests to charity should have been deducted. The court further held that in valuing the charitable bequests the fact that the widow had died within one year after the testator's death was of no moment; her life estate was to be valued by mortality tables in the usual way. To the same effect as the Ithaca Trust Company Case are First National Bank of Birmingham v. Snead (C. C. A.) 24 F.(2d) 186; Hartford-Connecticut Trust Co. v. Eaton (C. C. A.) 36 F.(2d) 710; Lucas v. Mercantile Trust Co. (C. C. A.) 43 F.(2d) 39.

In the present case there are two separate bequests to the hospital; the one on termination of the trust for the testator's son, the other on termination of the trust for his daughter. The remainder to the hospital after termination of the trust for the son is, like the remainder to charities in the Humes Case, utterly uncertain and contingent. The life estate of the son offers no difficulties, of course; the present value of that interest may be ascertained with fair accuracy by mortality tables and subtracted from the value of the principal. We have a further life estate to an unknown woman, unidentified save by the restriction (imposed with an eye to the rule against perpetuities) that she must have been a person born prior to the testator's death. Presumably the value, at least the maximum value, of such an interest could

also be ascertained by mortality tables and subtracted, leaving a minimum amount as the value of the remainder. But the limitation to charity was contingent on death of the son without issue, and whether he would or would not leave issue was a real risk. The son was 53 years of age and quite capable of having issue, so far as is shown by the petition. No one could have predicted with any reasonable degree of certainty that this man of 53 would never have issue; no one could make such a prediction even now. The petition is therefore insufficient on its face as to the claimed deductibility of the remainder to charity on the death of the son without issue.

When we turn to the other bequest, the remainder to the hospital upon the separate trust for the decedent's daughter, the situation is quite different. The limitation in favor of the hospital was to take effect on her death without issue. She was 59 at the decedent's death and had never had issue. It was a certainty that this woman of 59 would not later give birth to a child, far more of a certainty than that the widow in the Ithaca Trust Company Case would never need to use principal to maintain herself in her former state of comfort. The birth statistics published by the Department of Commerce tell us that out of 2,169,920 births in the United States in the year 1929, not one was to a mother of 55 or over. See Birth, Stillbirth and Infant Mortality Statistics, page 183, published by the Department of Commerce in 1932. Judicial notice may be taken of these official figures. Greeson v. Imperial Irrigation District (C. C. A.) 59 F.(2d) 529. The hospital then could definitely count on receiving this bequest as soon as the testator's daughter should die; the chance that it would not was altogether negligible. The remainder to the hospital was contingent in nothing but form. On motion to dismiss a pleading for insufficiency, the facts pleaded must be taken as true, and if the facts stated in the petition are true the petitioner was entitled to a deduction for the present value of the future interest bequeathed to the hospital after the death of the decedent's daughter.

The defendant's argument against this conclusion is grounded upon a legal fiction to the effect that a woman is deemed capable of bearing children as long as she lives. The contention is that even if the age of the daughter at the testator's death were 80 years, the conclusive presumption would be that she might later give birth to children. It is argued that by force of this rule of law there

874

is the same uncertainty in the case of the remainder to the hospital after the daughter's life estate as with the remainder after the son's life estate.

It cannot be denied that for some purposes the law creates a conclusive presumption that a woman may have issue at any time until her death. Where the validity of future estates under the rule against perpetuities is involved, it is the firm rule that possibility of issue is never extinct as long as a person lives. Jee v. Audley, 1 Cox, 324; Burnvest v. Ward, [1923] 2 Ch. 52, affirmed in [1924] A. C. 653; Gray on Perpetuities, § 215. Where the point involved relates to the termination of a trust or the distribution of an estate, the courts in this country have applied the presumption to its full extent; the English courts have not invariably done so. Ricards v. Safe Deposit & Trust Co., 97 Md. 608, 55 A. 384, 63 L. R. A. 145; Fletcher v. Los Angeles Trust & Savings Bank, 182 Cal. 177, 187 P. 425; compare In re White, [1901] 1 Ch. 570. On the marketability of the vendor's title in suits for specific performance, there is a difference of opinion whether the presumption should be followed blindly. List v. Rodney, 83 Pa. 483; Williams v. J. C. Armiger & Bros., 129 Md. 222, 98 A. 542; compare Whitney v. Groo, 40 App. D. C. 496; Bacot v. Fessenden, 130 App. Div. 819, 823, 115 N. Y. S. 698. The cases are collected in 67 A. L. R. 538–552. See, also, 27 Harvard Law Review, 286; 23 Columbia Law Review, 50.

The defendant has a decision of the Circuit Court of Appeals of the First Circuit. Farrington v. Commissioner, 30 F.(2d) 915, 67 A. L. R. 535, certiorari denied in 279 U. S. 873, 49 S. Ct. 513, 73 L. Ed. 1008. There the bequest to charity was precisely like the bequest here on the daughter's death without issue. At the decedent's death the age of the daughter was 52, and there was medical testimony that she was incapable of bearing a child. It was held, one judge dissenting, that the testimony as to incapacity must be disregarded and that the daughter must be conclusively presumed to be capable of childbearing. The deduction of the charitable bequest for purposes of the estate tax was accordingly disallowed. On the other hand, the Court of Claims has recently reached the opposite result in a case which also is in point on the facts. Testimony that a woman aged 50 was incapable of having children because of an operation was held admissible, the "conclusive presumption" disregarded, and a bequest to charity on her death without issue was held to be a proper deduction. Provident Trust Co. v. United States (Ct. Cl.) 2 F. Supp. 472, 473. I am informed that certiorari in this case has recently been granted by the Supreme Court. The point is therefore an open one on the authorities. It may be noted that neither the Farrington Case nor the Provident Case was as strong on the facts for the taxpayer as the instant case, because here the woman was older by several years.

On principle the rule has no operation in a case like the present one. One of the reasons given in support of it is that "nature has fixed no certain age, by years, at which childbearing capacity shall begin or end." Hill v. Sangamon Loan & Trust Co., 295 Ill. 619, 622, 129 N. E. 554, 555. But where the age in question is beyond any authenticated case, there is no conjecture or uncertainty. Another reason is said to be one of morals, that if medical testimony to prove that a person could not have children were to be received in evidence, operations to produce incapacity might be encouraged in cases where financial advantage might be derived from incapacity. Ricards v. Safe Deposit & Trust Co., supra. That consideration, while possibly of some force in cases of a certain type, certainly has no weight in a tax case where the incapacity is referable to nothing but advanced years.

"Taxation is an intensely practical matter." Farmers' Loan & Trust Co. v. Minnesota, 280 U. S. 204, 212, 50 S. Ct. 98, 100, 74 L. Ed. 371, 65 A. L. R. 1000. The statutes imposing taxes are estimated by practical results more than by legal fictions. Nichols v. Coolidge, 274 U. S. 531, 541, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Tyler v. United States, 281 U. S. 497, 503, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758; Lawrence v. State Tax Commission, 286 U. S. 276, 280, 52 S. Ct. 556, 76 L. Ed. 1102, 87 A. L. R. 374. The practical aspect of this case is that if the facts of human experience count for anything, the bequest in favor of the hospital is and always was certain to become a reality on the death of the testator's daughter. Birth of issue to her was out of the question.

On the face of the petition, the executor is entitled to recover the tax which it was obliged to pay by reason of the refusal of the taxing authorities to deduct the present value of the bequest to the hospital to take effect on the death of the decedent's daughter without issue.

The motion to dismiss will therefore be denied.