(No. 29995.-

SARAH BOZZA *et al.,* Appellants, *vs.* FIRST NATIONAL BANK AND TRUST COMPANY IN ALTON, ILLINOIS, *et al.,* Appellees.

*Opinion filed March 19, 1947.*

JACOBY, PATTON, MANNS & COPPINGER, (JOHN F. McGINNIS, and JOHN B. COPPINGER, JR., of counsel,) all of Alton, for appellants.

VERLIE, EASTMAN & SCHLAFLY; EMERSON BAETZ, and HAROLD G. TALLEY, all of Alton, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

James T. Bozza, Sr., by his last will and testament devised his estate to the First National Bank and Trust Company in Alton, Illinois, in trust to hold the same during the lifetime of his widow, and at her death to sell the real estate and to pay the net income of the trust to his four children during the terms of their lives and then, upon the death of the survivor of said children, said trust fund should be distributed among the testator's grandchildren then living, the descendants of any grandchild taking the share which their parent would have taken if living. The appellants are the widow, the surviving children and the grandchildren of the testator, and by their complaint they seek partition of the premises, the acceleration of the trust and distribution of the assets thereof at this time. The complaint, filed in the circuit court of Madison county, sets forth the relationship of the parties and their approximate ages, and alleges that there is no probability or medical possibility of any other heirs or child or children being born to any of the children of the testator. The court appointed a trustee for the unknown heirs not in being, who, with the testamentary trustee,

filed a motion to dismiss the complaint on the ground that even though it could be proved that there was no probability or medical possibility of offspring being born to the children such contention could not legally establish the impossibility of other heirs. On December 9, 1946, the chancellor granted the motion to dismiss, whereupon the plaintiffs refused to plead further and the court dismissed the suit at plaintiffs' costs. From this decree the plaintiffs appeal.

There is only one question involved in this cause, namely, whether a contingent remainder can be extinguished upon a showing of the physical impossibility of the birth of any other possible takers. The appellants contend that in view of changing conditions and the changing of the common law to meet varying situations of the times, the prior rulings of this court should be overruled, and a new rule of law with reference to the extinguishment of contingent remainders should be announced.

This court has had before it this same contention on previous occasions in *Hill* v. *Spencer,* 196 Ill. 65, *Hill* v. *Sangamon Loan and Trust Co.* 295 Ill. 619, and *Weberpals* v. *Jenny,* 300 Ill. 145. Similar contentions were made in those cases. In the case of *Hill* v. *Sangamon Loan and Trust Co.* we stated: "We may concede that these life tenants have passed the age to which the ability to bear children usually continues, but the law appears to have settled the question that there is no age beyond which child-bearing is impossible. We think this rule of law sound on moral grounds and on grounds of public policy. If the rule were otherwise, surgical operations might be resorted to to make it absolutely certain that no issue could be born. If, in a controversy involving title to an estate, it may be shown that a woman is incapable of bearing children, so that a trust deliberately created for her benefit during her life, only, may be brought to an end with a

view of vesting an absolute interest in her or so that the vesting of a remainder may be accelerated, no one can foretell to what lengths such a precedent would lead. It is obviously not the province of courts of justice, and especially courts of equity, to establish any precedent which would encourage fraud or immoral acts that would result in the defeat of a settlement or the termination of a trust. The law recognizes the possibility of issue in all adult women, and the single fact that terminates the ability to bear children is death." Admitting that the common law grows out of the general customs of the country and develops with the new ideas of right and justice, we cannot see any reason for changing our previous ruling with reference to this question.

A review of the authorities from other jurisdictions indicates that the great weight of authority in this country is in accord with the previous rulings of this court. An examination of the cases cited by appellants shows that those cases are not indicative of any trend which would cause us to change our views in the matter. While this court agrees that an irrebuttable presumption in the law is not to be favored, we can see that grave questions will arise if the presumption is made rebuttable since we know that opinions of medical witnesses based upon the same examination and the same facts often differ, and we believe that the public policy of this State will be more adequately served if the law remains unchanged with reference to this presumption. For the reasons expressed in this opinion, the decree of the circuit court of Madison county is affirmed.

*Decree affirmed.*