EFFIE SELLERS *et al.*, Appellants, *vs.* WILLIAM HOWARD ARCHER *et al.*, Appellees.

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

JOSEPH H. HORWICH, of Chicago, for appellants.

HENRY E. SASSO, of Chicago, (WILLIAM PELLICORE, of counsel,) for appellee Hazel Tabb Jackson.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This appeal from the circuit court of Cook County raises a narrow future interest question—whether the grant of a life estate to an unmarried boy of 15, with remainder over to "the heirs of his body," violates the rule against perpetuities.

The issue arose on complaint for partition by certain collateral heirs of Frost Sellers, the testator. They asked the court to construe the following provisions of his will and to declare void the remainder interests therein created:

"Second: I give, devise and bequeath unto my stepdaughter, Hazel Tabb Jackson, now past the age of her majority and mar-

ried, a life estate in and to all of my property real, personal and mixed.

"Third: I give, devise and bequeath unto my stepdaughter, Hazel Tabb Jackson, the premises known and described as: [here the legal description of two parcels was inserted], for her natural life and at her death to James Phil Robinson, her son, for his natural life, and at his death, to the heirs of his body."

At the time of the testator's death in August, 1953, the beneficiaries, Hazel Tabb Jackson and James Phil Robinson, were living, the latter then being 15 years old and unmarried.

On motion of defendant Hazel Tabb Jackson, the trial court dismissed the complaint.

The plaintiffs' position on this appeal is summarized in the following quotation from their brief: "A grant of a life estate to an unmarried boy of 15, with remainder over to 'the heirs of his body,' is void in that it violates the rule against accumulation and the rule or statute against perpetuities, for the reason that at the time the estate was created—the date the will was admitted to probate—he had no 'heirs of his body' and the likelihood of the estate not vesting within a life or lives in being and 21 years thereafter is great, for he may never marry and consequently will never have any 'heirs of his body.'"

As regards the plaintiffs' reference to the rule against accumulations, it is sufficient to note that neither clause of the will requires any income to be accumulated. Hence, there obviously could be no violation of the statute against accumulations.

Nor is there a violation of the rule against perpetuities. The remainder interests will vest, if at all, no later than the death of a life in being, James Phil Robinson. But the plaintiffs speculate that "he may never marry and consequently will never have any 'heirs of his body.'" That possibility has no bearing upon the application of the rule against perpetuities. Indeed, in every case where the interest is not presently vested, there is some uncertainty as

to whether it will ever become vested. The rule against perpetuities is designed merely to insure that the vesting in title, if and when it happens, takes place within the time fixed by the rule.

For the reasons stated, the action of plaintiffs in asking for partition was premature, and the trial court properly dismissed their complaint. *Hill* v. *Sangamon Loan and Trust Co.* 295 Ill. 619.

The decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*