EVELYN McDONNELL KORTEN *et al.*, Plaintiffs-Appellants, v. CHICAGO CITY BANK AND TRUST COMPANY, as Trustee, Defendant-Appellee.

First District (3rd Division)    No. 87—1049

Opinion filed December 28, 1988.

O'Neill & Bockelman, of Lake Forest (C. William Bockelman, Jr., of counsel), for appellants.

Rathje, Kulp & Monaghan, of Chicago (Theron L. Rathje, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Evelyn McDonnell Korten, Elaine McDonnell Solari and other beneficiaries of a trust, filed a complaint to terminate the trust by the consent of the beneficiaries. Defendant, Chicago City Bank and Trust Company, filed a motion to strike the complaint on the basis that the facts alleged in the complaint are not sufficient to allow a voluntary termination of the trust. The trial court granted defendant's motion to strike and dismissed the case. Plaintiffs appeal. We reverse and remand for further proceedings.

■ On a motion to strike a complaint, the well-pleaded facts are taken as true for the purpose of the motion. According to the complaint in this case, defendant is the trustee of a trust in which decedent William H. McDonnell was the settlor. The trust was created in June 1941. Article II of the trust provides:

"The purpose of this trust is to create and maintain an educational fund for the use and benefit of all of the children of my children, to-wit: EVELYN M. KORTEN, ROGER McDONNELL and ELAINE McDONNELL, that is to say, an educational fund out of which may be paid certain expenses of educating my grandchildren now living or hereafter born."

Article III of the trust provides:

"The Trust hereby created shall terminate, cease and determine twenty-one (21) years after the death of the one last surviving of the Settlor *** and the Settlor's grandchildren now living, to-wit:
CAROL KORTEN
KATHLEEN KORTEN
MIRIAM KORTEN and
WILLIAM McDONNELL:

provided, however, that it shall terminate sooner if all of the Settlor's grandchildren now living or hereafter born reach the age of thirty (30) years or have died * * *."

At the present time, all of the settlor's grandchildren have reached the age of 30 and are no longer entitled to receive disbursements from the trust. Also, only two of the settlor's children, Evelyn McDonnell Korten (Evelyn) and Elaine McDonnell Solari (Elaine), are living. Evelyn is 72 years old and Elaine is 65 years old. Both Evelyn and Elaine have undergone surgery which renders them incapable of bearing children. As a result of the stated circumstances, plaintiffs contend that the trust should be terminated because the provision in the trust that provides that the trust shall terminate if "all of the Settlor's grandchildren now living or hereafter born reach the age of thirty (30) years" has been satisfied. However, defendant argues that there is an irrebutable presumption that the birth of a child is possible throughout the entire life of a woman, and that, therefore, it is not subject to refutation that Evelyn and Elaine can still have children.

■■ ■ Defendant relies upon *Bozza v. First National Bank & Trust Co.* (1947), 396 Ill. 569, 72 N.E. 51. In *Bozza*, the court held that there is an irrebutable presumption that there is no age beyond which childbearing is impossible. However, we believe that any case dealing with a presumption, as opposed to a substantive rule of law, must be viewed in the light of the supreme court's more recent decision in *Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872. In *Franciscan Sisters*, the court expounded on the meaning of presumptions and the manner in which they are to be considered in Illinois. In *Franciscan Sisters*, the court stated that the "prevailing theory regarding presumptions that Illinois follows * * * is Thayer's bursting-bubble hypothesis: once evidence is introduced contrary to the presumption, the bubble bursts and the presumption vanishes." (95 Ill. 2d at 462, 448 N.E.2d at 877.) Thus, if the plaintiffs in the present case introduce evidence that is contrary to the presumption that Evelyn and Elaine are still capable of bearing children, the presumption vanishes. In accordance with *Franciscan Sisters*, plaintiffs would then have the burden of proving the issue on the basis of the evidence. 95 Ill. 2d at 462-66, 448 N.E.2d at 877-78.

Our conclusion in this case is consistent with the United States Supreme Court's holding in *United States v. Provident Trust Co.* (1934), 291 U.S. 272, 78 L. Ed. 793, 54 S. Ct. 389. At issue in that case was a presumption that a decedent's daughter would be able to give birth to a child. When the decedent died, his daughter was fifty years old and in poor health. Upon medical advice, she had an operation which re-

moved her uterus, fallopian tubes and both ovaries. Despite the presumption in the law that the decedent's daughter would be able to give birth to a child, the trial court found that the decedent's daughter could not give birth to a child. In affirming the trial court, the Supreme Court stated:

"The foregoing observations are peculiarly apposite to the phase of the subject now under review; for, as suggested by counsel for respondent, the presumption here involved had its origin at a time when medical knowledge was meager, and many centuries before the discovery of anaesthetics and, consequently, before surgical operations of the kind here involved became practicable. It was not until a comparatively recent period, therefore, that the effect of such an operation was disclosed to observation, and the incontrovertible fact recognized that a woman subjected thereto was permanently incapable of bearing children.

The government argues that the rule is one of substantive law and evidence to overcome it is inadmissible. Whether in particular instances so-called irrebuttable presumptions are, in a more accurate sense, rules of substantive law rather than true presumptions, is a matter in respect of which a good deal has been said by modern commentators on the law of evidence. 2 Chamberlayne, §§1086, 1087, 1159, et seq.; 5 Wigmore 2d ed. §2492. Compare *Heiner v. Donnan*, 285 U.S. 312, 328, 329, 76 L. Ed. 772, 780, 781, 52 S. Ct. 538; 2 Thayer, Ev., 351, 352, 540, 541, 545, 546. But it is unnecessary to consider that interesting distinction, since, as will appear, the presumption in question in this instance must be dealt with as open to rebuttal and, therefore, in any aspect of the matter, as a true presumption.

\* \* \*

\*\*\* Relating this obviously correct view to the presumption here invoked, \*\*\* we perceive no grounds of expediency or policy that call for its hard and fast application to a particular physical condition, when ignorance has been supplanted by knowledge so as to put beyond the range of doubt the destructive effect of that condition upon the capacity for childbearing \*\*\*.

The important point to be emphasized is that the question arises with respect to a surgical operation, the inevitably destructive effect of which upon the power of procreation is established by tangible and irrefutable proof." 291 U.S. at 282-85, 78 L. Ed. at 796-97, 54 S. Ct. at 391-92.

We therefore conclude that the plaintiffs in the present case should be permitted to introduce evidence contrary to the presumption that Evelyn and Elaine are capable of bearing children, and that if such evidence is introduced, the presumption vanishes. See *Franciscan Sisters*, 95 Ill. 2d at 462, 448 N.E.2d at 877.

■■ Defendant also contends that the settlor's intent in establishing the trust in this case will not be given due effect if it is terminated before Evelyn and Elaine are deceased. However, the trust clearly states that it shall terminate either (1) 21 years following the death of the settlor and the settlor's grandchildren then living at the creation of the trust or (2) after all the settlor's grandchildren have reached the age of 30 or have died. Thus, the settlor intended the trust to be terminated after all his grandchildren no longer qualified as takers under the trust and not necessarily after the death of all of his children. If the settlor had intended that the trust be terminated only after all his children were deceased, the wording of the trust would have been different.

The trial court's order striking the plaintiff's complaint and dismissing the case is therefore reversed. The case is remanded for further proceedings in accordance with what is stated in this opinion.

Reversed and remanded with directions.

WHITE, P.J., and FREEMAN, J., concur.