MICHAEL GORDON *vs.* EMORY J. SANDERSON.

Suffolk.    November 21, 1895. — February 29, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Assessment and Abatement of Poll Tax — Mandamus.*

If a poll tax is assessed upon a person who is in the judgment of the assessors
unable to contribute fully towards the public charges, within the meaning of
Pub. Sts. c. 11, § 5, cl. 12, or upon a person not an inhabitant of the city or
town, it is within the power of the assessors of their own motion to abate the
tax, as a tax which ought not to have been assessed ; and their right so to
abate it for the purpose of preventing the person from gaining a settlement in
the city or town cannot be tried in a petition for a writ of mandamus brought
against the collector of taxes to compel him to receive payment of the tax after
it has been abated.

PETITION for a writ of mandamus to compel the collector of
taxes of the city of Waltham to receive payment of a poll tax
assessed upon the petitioner for the year 1893. Hearing be-
fore *Allen*, J., who, at the request of the parties, reported the
case for the determination of the full court. The facts appear
in the opinion.

' *J. P. Lyons & M. J. Connolly*, for the petitioner.

*C. M. Ludden*, for the respondent.

FIELD, C. J.   It appears that a poll tax was duly assessed upon
the petitioner in the year 1893 ; that his name was placed upon
the tax list which was committed to the respondent as collector
of taxes with a warrant requiring him to collect the taxes upon
the list, and that the collector sent a tax bill by mail to the peti-
tioner about the first day of September in that year.   On Sep-
tember 14 the collector received the following certificate : " City
of Waltham, Assessors Office, Sept. 14, 1893.   To Emory J. San-
derson, Treasurer and Collector of Taxes.   An abatement of
two dollars is hereby allowed on the tax assessed to Michael
Gordon, of 7 John Street, in Ward 7, of the tax list of 1893.
E. P. Smith, J. F. Davis, a majority of the Board of Assessors."

After this, on November 14, 1893, the petitioner tendered to
the respondent the sum of two dollars in payment of this poll
tax, which the respondent refused to receive.   The petitioner did
not make any application to the assessors for an abatement of

the tax, and has always been ready to pay it. No cause of abatement appears on the records of the assessors, and it is said that the only entry on the records of the assessors is the word " Abated," placed against the assessment of the tax. Apparently the object of the petitioner in attempting to pay this tax is to obtain a settlement in the city of Waltham. Pub. Sts. c. 83, § 1, cl. 5.

The counsel for the petitioner contends that the respondent cannot justify his refusal to receive the amount of this tax by the certificate of the board of assessors, because either the assessors had no right to abate the tax, or, if they had, the record of the assessors is defective, and does not show that the tax was lawfully abated. The statutory provisions concerning the abatement of taxes are Pub. Sts. c. 11, §§ 69–77, and it is said that the present case is not within any of the provisions of these sections. Section 77 of this chapter was first enacted in St. 1878, c. 77. See St. 1879, c. 43. But by § 5, cl. 12, of the same chapter, which was taken from the Gen. Sts. c. 11, § 5, cl. 13, and from Rev. Sts. c. 7, § 5, cl. 8, " the polls and any portion of the estates of persons who by reason of age, infirmity, and poverty are in the judgment of the assessors unable to contribute fully towards the public charges," are exempt from taxation. If a poll tax is assessed upon any such person, or upon a person not an inhabitant of the city or town, we think it is within the power of the assessors of their own motion to abate the tax, as a tax which ought not to have been assessed. See *Stetson* v. *Kempton*, 13 Mass. 272, 283.

As the abatement of this tax was within the power of the assessors, the regularity of their action or the sufficiency of their record cannot be tried in this proceeding against the collector. After the collector received from the assessors a certificate that the tax had been abated by them, he was no longer authorized to collect the tax. If the matter was within the jurisdiction of the assessors, it was not for him to inquire into the regularity of their action or the sufficiency of their record. *Hubbard* v. *Garfield*, 102 Mass. 72.

We are of opinion that the right of the assessors to abate the tax for the purpose of preventing the petitioner from gaining a settlement in the city of Waltham cannot be tried in this proceeding.        *Petition dismissed.*