# SUPPLEMENT

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

Provisions in a proposed act imposing a general tax on personal incomes, that, in determining the amount of net business income subject to a tax of one per cent, single persons without dependents shall be allowed a personal credit or exemption of $1,500, a head of a family or a married person living with husband or wife, $3,000, (a husband and wife to receive but one aggregate exemption in that amount), and a taxpayer with dependents under twenty-one years of age, $250 for each such dependent, would not establish exemptions so large as to bear on their face indications of want of equality among the inhabitants of the Commonwealth or of a purpose to penalize or to put an undue weight on one part of the community for the benefit of other parts, and would not be violative of art. 44 of the Amendments to the Constitution of the Commonwealth.

Further provisions of such proposed act, that such exemption and credit, after a certain deduction because of income of the taxpayer nontaxable under the act, shall be applied first against net business income taxable at the rate of one per cent under the act; that any balance should be applied next against net income from intangibles taxable at the rate of three per cent under the act, except that the total exemption and credit applicable against net income from intangibles in no event shall exceed the sum of $1,000 if the taxpayer is unmarried with no dependents on the last day of the taxable year, or the sum of $1,500 if the taxpayer is married or the head of a family on said last day of the taxable year, would be permissible under said art. 44.

Further provisions of such proposed act, that said exemption and credit shall be reduced first by the subtraction of any amounts of income not taxable under the act but required to be returned by the provisions of a § 25 of the act, which required of the taxpayer a return of his "total gross income from all sources, whether or not such income is taxable under" the act and provided, "Nothing in this section shall be construed to require any taxpayer to include in any return income received in the form of interest upon obligations of the United States, or its agents or instrumentalities, or upon obligations of the Commonwealth, or its subdivisions, so far as such interest under the provisions of the Constitution of the United States is not subject to taxation by this Commonwealth"; and that if the total net income of the taxpayer, or of a husband and wife living together, whether taxable or not, required to be returned under the provisions of § 25,

exceeds $10,000, such taxpayer shall not be entitled to such credits and exemption except that such taxpayer shall be entitled to such credits and exemption, reduced, however, by the amount by which such taxpayer's total net income exceeds $10,000; if amended to exclude from their effect those receiving income by way of salary from the Federal government, would not make the act unconstitutional.

Within the amendment above described, the proposed act would be valid under said art. 44 and would be otherwise constitutional.

On February 6, 1930, the House of Representatives adopted the following order:

WHEREAS, There is pending before the General Court a bill entitled "An Act Imposing a General Tax on Personal Incomes", printed as Appendix A in House Document No. 900 of the current year, a copy of which is annexed hereto; and

WHEREAS, Doubt exists as to the constitutionality of said bill if enacted into law; therefore be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important question of law:

Are the personal exemptions and credits provided in section one of the bill valid under the provisions of the Forty-fourth Amendment to the Constitution of the Commonwealth, permitting the General Court to grant reasonable exemption from income taxes authorized by said amendment, and otherwise constitutional?

Sections 1 and 25 of the bill therein referred to read as follows:

SECTION 1. (a) There shall be assessed, levied and collected, in accordance with the provisions of this chapter, from each taxpayer and each taxpayer shall pay for each taxable year a tax of one per cent upon any net business income, as defined in section two, after deducting any credits allowable against net business income as provided in the first three paragraphs of section one (b) and a tax of three per cent upon any net income from intangibles, as defined in section two and computed as hereinafter pro-

vided, after deducting any credits allowable against net income from intangibles as provided in section one (c).

(b) In determining the amount of net business income subject to tax there shall be allowed to each individual taxpayer the following credits and exemptions: —

(1) In the case of a single person without dependents a personal exemption of fifteen hundred dollars;

(2) In the case of a taxpayer who on the last day of the taxable year is the head of a family, or a married person living with husband or wife, a personal exemption of three thousand dollars. A husband and wife living together shall receive but one personal exemption of three thousand dollars against their aggregate net business income and in case they make separate returns a personal exemption of three thousand dollars may be taken by either or divided between them;

(3) A further exemption of two hundred and fifty dollars against net business income for each person, other than husband and wife, depending upon and receiving his chief support from the taxpayer if such dependent person on the last day of the taxable year is under twenty-one years of age or is incapable of self support because mentally or physically

(c) The exemptions and credits set forth in subsection (b) shall be applied and allowed in the following order and manner: —

(1) Said exemption and credit shall be reduced first by the subtraction of any amounts of income not taxable under this chapter, but required to be returned by the provisions of section twenty-five;

(2) Any balance of such exemption or credit shall be applied next against net business income taxable under this chapter;

(3) Any balance of such exemption or credit shall be applied next against net income from intangibles taxable under this chapter, except that the total exemption and credit applicable against net income from intangibles in no event shall exceed the sum of one thousand dollars if the taxpayer is unmarried with no dependents on the last day

of the taxable year, or the sum of fifteen hundred dollars if the taxpayer is married or the head of a family on said last day of the taxable year.

(d) If the total net income of the taxpayer, or of a husband and wife living together, whether taxable or not, required to be returned under the provisions of section twenty-five, exceeds ten thousand dollars, such a taxpayer shall not be entitled to the credits and exemption allowed by subsection (b) of this section, except that such a taxpayer shall be entitled to such credits and exemption, reduced, however, by the amount by which such taxpayer's total net income exceeds ten thousand dollars.

SECTION 25. (a) The following individual inhabitants shall each make under the penalties of perjury a return stating specifically the items of his total gross income from all sources, whether or not such income is taxable under this chapter, and also stating the deductions and credits allowed under this chapter and claimed by them. Such returns shall be made whether or not such inhabitant is actually liable to any tax under the provisions of this chapter;

(1) Every individual inhabitant having a total net income for the taxable year of fifteen hundred dollars or over, if single, or if married and not living with husband or wife;

(2) Every individual inhabitant having a total gross income for the taxable year of two thousand dollars or over, regardless of the amount of his net income.

(b) If a husband and wife living together have an aggregate gross income from all sources for the taxable year of three thousand dollars or over;

(1) Each shall make a separate return; or

(2) The income of both shall be included in a single joint return, in which case either shall be liable for the payment of the tax.

(c) If the taxpayer is unable to make his own return the return shall be made by a duly authorized agent or by the guardian or other person charged with the care of the person or property of such taxpayer.

Nothing in this section shall be construed to require any taxpayer to include in any return income received in the form

of interest upon obligations of the United States, or its agents or instrumentalities, or upon obligations of the commonwealth, or its subdivisions, so far as such interest under the provisions of the constitution of the United States is not subject to taxation by this commonwealth. The commissioner shall prepare and publish annually a list of issues of such obligations outstanding during the taxable year.

The order was transmitted to the Justices on February 7, and on February 25, 1930, they returned the following answers:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question in an order adopted by the House of Representatives on February 6, 1930, and transmitted to them on the following day, copy of which is hereto annexed. The question propounded is in substance whether the personal exemptions and credits provided in § 1 of the bill accompanying and a part of the report of a special commission are valid under the provisions of art. 44 of the Amendments to the Constitution. That accompanying bill is a comprehensive income tax law completely revising and changing the present statutes on that subject. It is stated in that report, page 120, touching the bill: "The principle upon which the present income tax bill has proceeded is that of obtaining as close an approximation to a general income tax as is possible while retaining the differentiation between earned income or income received from business, or from property or activities reasonably classified with business, and income received from the use of intangible personal property. The application of the tax upon each class of income is made as general as is possible, omitting only rents and mortgage interest . . . . Because of the fact that persons deriving income from intangibles have as a rule a greater ability to pay than those deriving income from business," a smaller exemption is allowed against net income from

intangibles. On page 25 of the report it is said: "The Commission believes that personal exemptions should be given only to those who really need them." In the light of these statements of general principles followed by the commission the provisions of § 1 of the accompanying bill may be analyzed. It there is provided that each taxpayer shall pay annually a tax of one per cent on net business income and three per cent on net income from intangibles. In ascertaining such net income certain exemptions and credits are to be made. These exemptions and credits against business income are $1,500 to a single person without dependents, $3,000 to the head of a family or a married person living with a husband or wife, both husband and wife being entitled only to a single exemption of that amount, and $250 for each dependent other than husband or wife. These exemptions and credits are to be reduced by the subtraction of income not taxable but required to be returned by § 25 and the balance, if any, is to be applied first against net taxable business income and next against net taxable income from intangibles, except that the total exemption and credit applicable against net income from intangibles in no event shall exceed $1,000 if the taxpayer is unmarried without dependents, or $1,500 if the taxpayer is married or the head of a family. If, however, the net income of the taxpayer, whether taxable or not, required to be returned, exceeds $10,000, no exemptions and credits shall be allowed. There are suitable provisions for adjustments near the border line of $10,000.

The pertinent parts of art. 44 of the Amendments to the Constitution, whereby the General Court is empowered to levy a tax on income, are these: "Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements." ·

Express authority thus is conferred upon the General

Court in framing an income tax law to make "reasonable exemptions." No similar authority is conferred in terms elsewhere in the Constitution or in any of its Amendments with reference to the subject of taxation. See c. 1, § 1, art. 4 of the Constitution; art. 41 of Amendments. Even without such express authority, small exemptions or exemptions of property devoted to public or *quasi* public uses have been made by our statutes. G. L. c. 59, § 5, as amended. The constitutionality of some of these exemptions has been upheld, *Milford* v. *County Commissioners*, 213 Mass. 162, 165; *Day* v. *Lawrence*, 167 Mass. 371; *Gordon* v. *Sanderson*, 165 Mass. 375, but of others it "has not been affirmed, and may be questionable." *Opinion of the Justices*, 195 Mass. 607, 612. See *Massachusetts General Hospital* v. *Belmont*, 233 Mass. 190, 200–205; *Opinion of the Justices*, 261 Mass. 523, 545–547; *Davis* v. *Treasurer & Receiver General*, 208 Mass. 343, 345. The only limitation upon the legislative power to grant exemptions stated in art. 44 of the Amendments is that they must be "reasonable." There is, however, the further implied limitation that such exemptions shall not conflict with other provisions of the Constitution. The Forty-fourth Amendment was adopted in part to overcome with reference to income the requirement of c. 1, § 1, art. 4, of the Constitution that property taxes must be "proportional . . . upon all . . . estates" within the Commonwealth.

It is provided in article 10 of the Declaration of Rights of our Constitution: "Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and property, according to standing laws. He is obliged, consequently, to contribute his share to the expense of this protection . . ." This is the statement of a general principle. It is controlling of all constitutional provisions touching taxation. The provisions of the Forty-fourth Amendment are equally within the sweep of that principle. "Reasonable exemptions," however, may be granted in an income tax law. Those words were designed to vest a considerable discretion in the General Court in determining how that form of taxation ought to be apportioned among all

the people to the end that the burdens for the support of government may rest as nearly equally as possible among those able to bear them. The exemptions from the income tax in the proposed bill in varying amounts for unmarried and married persons and those having dependents do not differ in principle from those established by our tax statutes for many years. Such exemptions, though relatively much smaller in amount than those provided in the present bill, have the sanction of legislative and popular usage for a long period of time. These exemptions have been proposed by a special commission required to continue investigations, undertaken by a previous special commission, of "the entire subject of state, county, and local taxation . . . with a view to recommending ways and means of . . . raising . . . the necessary revenue for the support of state, county and local governments equitably and economically . . ." Resolves 1929, c. 37. Resolves 1928, c. 31. Resolves 1927, c. 44. It must be presumed that, with the ample powers thus conferred, a full and careful study has been made of all relevant matters including the economic conditions of the Commonwealth and the relation of income to the cost of living in the light of the constitutional mandate already quoted from article 10 of the Declaration of Rights, and with recognition of the general principle that the safety of government by the people depends upon contribution by each member of the body politic of his share of the cost of affording the protections of free institutions under standing laws. We have no means of knowing how large a proportion of the inhabitants of the Commonwealth receives incomes less than the amounts exempted by the accompanying bill or how that number compares with the number of inhabitants who under existing tax laws make no contribution by property taxes to the support of government. It is stated on pages 25 and 26 of the report: "The Commission believes that the purpose of the personal exemption is to relieve from taxation those whose income is no more than sufficient to support the recipient and his immediate family, and keep within fair bounds the burden upon those whose ability to pay because

of inadequate income is low." It is to be presumed that this statement of fact is founded upon adequate and fair inquiry impartially made. Exemption from taxation on ground of lack of ability to pay was recognized to a limited extent, even as against the constitutional requirement that property taxes must be proportional, in *Opinion of the Justices*, 195 Mass. 607, 609, 610. The justification for the exemptions and gradations of rates in the inheritance tax statutes (G. L. c. 65, § 1, as most recently amended by St. 1927, c. 156 and St. 1929, c. 292) must rest in part at least on ability to pay. Although these taxes are excises and not property taxes they must be "reasonable." See *Pratt v. Dean*, 246 Mass. 300; *Opinion of the Justices*, 266 Mass. 583, 587. Reasonable intendments must be made in favor of the results of investigations made by the special commission in the circumstances here disclosed. The exemptions proposed are not so large as to bear on their face indications of want of equality between the inhabitants or of a purpose to penalize or to put an undue weight on one part of the community for the benefit of other parts. The power of exemption implies to some extent the power of discrimination and of classification required by the best interests of society. To say that one having an income of $1,500 per year, or that a husband and wife together having twice that income, shall not be required to contribute from such income to the expenses of government, while approaching to the verge of reasonableness, cannot quite be said to exceed that bound, in our opinion. The exemptions provided in § 1 (b) (1) (2) (3) of the proposed bill cannot be pronounced violative of the Forty-fourth Amendment. *Minot* v. *Winthrop*, 162 Mass. 113, 123, 124, 129, 130. *Opinion of the Justices*, 195 Mass. 607, 609, 610.

The classification of income, as to the sources from which it is derived, between "net business income" and "net income from intangibles" as defined in several sections of the bill is not contrary to the Forty-fourth Amendment. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 531. *Raymer* v. *Tax Commissioner*, 239 Mass. 410. It follows that the

order, in which the application of reduction of exemptions is to be made and established by the bill, is permissible.

A difficult point is the validity of the provision that the exemptions already referred to shall be reduced by the amount of income not taxable but required to be returned under § 25. That section requires each taxpayer to make an annual "return stating specifically the items of his total gross income from all sources, whether or not such income is taxable under this chapter," with certain limitations. That section also has this provision: "Nothing in this section shall be construed to require any taxpayer to include in any return income received in the form of interest upon obligations of the United States, or its agents or instrumentalities, or upon obligations of the Commonwealth, or its subdivisions, so far as such interest under the provisions of the Constitution of the United States is not subject to taxation by this Commonwealth." This provision avoids difficulties which otherwise might arise under *Macallen Co.* v. *Massachusetts*, 279 U. S. 620. Practically this provision means that the amounts established by § 1 (b) as exemptions are to be reduced by deduction of income not taxable under the provisions of the bill, that is to say, income from rents of real estate exempted under § 3, and income from mortgages on real estate exempted under § 6. The effect of this provision is to reduce the exemptions under § 1 (b) from taxation of incomes of those persons having revenue from other sources not nontaxable in their nature. In substance and effect it reduces the range of the exemptions. It wipes out all exemptions for those having an income from the sources indicated of more than $10,000. In this respect it promotes one general purpose of the proposed act, which is to exempt only those of comparatively small income from the sweep of the general income tax. The practical effect is not in any right sense to levy a tax on income received from nontaxable sources, but to reduce the exemption from taxation of those whose financial resources are such as to indicate that they do not need the exemption. It all relates to comparatively small

sums so far as concerns the individual. Its design is that "exemptions shall be allowed only to those who really need them." Page 121 of the report. The provisions of the bill exempt from income taxation revenue received by the taxpayer as rents from real estate and as interest on mortgages of real estate. The purpose of these exemptions doubtless is to avoid double taxation. Within the limits prescribed by this bill, it does not offend any constitutional guaranty to deny exemptions from the general income tax to those having specified incomes from these exempted sources. As a classification for purposes of determining exemptions from a general law, we think that this is permissible. *Massachusetts General Hospital* v. *Belmont*, 233 Mass. 190, 202. It is to be borne in mind that the theory of the bill is that exemptions are granted solely on the basis of lack of ability to pay the tax. To deny the exemption to one not lacking in ability to pay because of income received from sources not nontaxable in nature does not offend against any constitutional provision.

The bill contains no exemption from consideration under § 1 (d) of those receiving income by way of salary from the Federal government notwithstanding § 4 (5) and § 7 (6). Such salary cannot be made subject directly or indirectly to taxation by a State. *Biscoe* v. *Tax Commissioner*, 236 Mass. 201, and decisions collected. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514, 521, 522, and cases cited. The exclusion of other income, nontaxable in nature, from inclusion in the return set forth in § 25, does not comprehend this source of income. The bill as drafted, if enacted into law, might afford ground for litigation on the point whether it could be construed to be constitutional without some exemption from all considerations of income of this nature. See *W. & J. Sloane* v. *Commonwealth*, 253 Mass. 529. This is a matter which can be easily cured by a change in the bill so as to make it plain that income from the Federal government in its nature or by Federal law made exempt from taxation by the State need not be in-

cluded in the return under § 25. We assume that the bill
will be amended to avoid this difficulty if it is to be en-
acted into law and base our answer on this assumption.

With the qualification just mentioned, the question is
answered in the affirmative.

This answer is confined to the specific inquiry made
and does not attempt to deal with other matters. *Opinions
of the Justices*, 239 Mass. 606, 612; 251 Mass. 569, 616.

> ARTHUR P. RUGG
> JOHN C. CROSBY
> EDWARD P. PIERCE
> JAMES B. CARROLL
> WILLIAM CUSHING WAIT
> GEORGE A. SANDERSON
> FRED T. FIELD