March 3,
1931.

OPINION OF THE JUSTICES.

On January 22, 1931, the following resolution was adopted by the house of representatives:

"Whereas, there is before the House of Representatives a bill imposing a tax upon personal and corporate incomes, on which the Supreme Court of the State has heretofore advised the legislature in part, but on which there is doubt of the constitutionality of other parts:

Whereas, it is important that the constitutionality of the whole should be settled in advance of enactment to protect the interests of the state and its people: Now therefore, be it

Resolved, that the Speaker of the House of Representatives be and hereby is directed to obtain from the Justices of the Supreme Court their opinion upon the following questions:

1. Would any constitutional provision be violated in ascertaining taxable net income by the deduction of all the ordinary and necessary expenses paid during the income year in carrying on income producing activities as provided in paragraph a, section 10 of House Bill No. 28?

2. Would any constitutional provision be violated in ascertaining taxable net income by allowing the deduction of all ordinary and necessary living expenses of the tax payer required to keep him and his family in life as an income producing and tax paying entity, as provided in paragraph b, section 10 of House Bill No. 28, and avoiding the necessity of requiring the keeping of accurate accounts of income and expenses in a great majority of cases by setting up an arbitrary minimum of income as equaling the ordinary and necessary living expenses?"

The paragraphs referred to read as follows:

"10. *Deductions.* In computing net income there shall be allowed as deductions:

(a) All the ordinary and necessary expenses paid during the income year in carrying on income-producing activities, including a reasonable allowance for salaries or other compensation paid by the taxpayer to others for personal services actually rendered, rentals or other payments required to be made as a condition to the continued use of possession, for the purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity; and in the case of individuals traveling expenses while away from home in pursuit of income-producing activities;

(b) The ordinary and necessary living expenses of the taxpayer required to keep him and his family in life as an income-producing and tax-paying entity, which in the case of a single man shall be deemed to be one thousand five hundred dollars annually, and in the case of a married man, shall be deemed to be three thousand dollars annually."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the justices of the supreme court being in receipt of your resolution requiring their opinions as to the constitutionality of section 10 of House Bill Number 28, relating to the taxation of incomes, make answer as follows:

I. Deductions of business expenditures from gross income, as set forth in section 10, paragraph (a) of the bill, are clearly allowable. One would hardly think of computing income from business, or earned income, on a basis which ignored such charges against it.

II. By paragraph (b) of the same section it is proposed to enact that there shall also be deducted from income received "The ordinary and necessary living expenses of the taxpayer required to keep him and his family in life as an income-producing and tax-paying entity, which in the case of a single man shall be deemed to be one thousand five hundred dollars annually, and in the case of a married man, shall be deemed to be three thousand dollars annually." We do not think that this differs (except in the amounts stated) from the exemptions proposed in section 5 of the bill concerning which our opinions were required two years ago. The conclusions reached as to that provision, and the reasons therefor, are set out in the opinion filed January 7, 1930, to which you are respectfully referred.[1] In so

[1] See *Opinion of the Justices*, 84 N. H., *p.* 571.

far as the proposed deductions exceed $1,200 for a single man and $2,000 for a married man, they go beyond what is permitted under the constitution.

ROBERT J. PEASLEE.
LESLIE P. SNOW.
JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.

March 3, 1931.