## OPINION OF THE JUSTICES TO THE SENATE

*Taxation,* Income tax, Exemption. *Constitutional Law,* Taxation, Income tax.

The Justices concluded that a proposed income tax deduction, to be allowed to certain taxpayers over the age of 65 whose adjusted gross income is less than $30,000, is a "reasonable exemption or abatement" within the meaning of art. 44 of the Amendments to the Massachusetts Constitution. [1207-1209]

On February 12, 1998, the Justices submitted the following answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit their response to the question set forth in an order adopted by the Senate on December 4, 1997, and subsequently transmitted to this court on December 10, 1997. The order recites that Senate No. 2050, a bill pending before the General Court, entitled "An Act providing for a tax deduction for certain lower income elderly citizens of the commonwealth," would amend G. L. c. 62, § 3 (A), by allowing a deduction from Part A dividend and interest income one-half of such income, up to $4,000, received by elderly individuals whose total adjusted gross income is $30,000 or less.[1] The order further recites that grave doubt exists as to the constitutionality

[1]Senate No. 2050 states:

"SECTION 1. Paragraph (a) of Part A of section 3 of chapter 62 of the General Laws, as appearing in the 1996 Official Edition, is hereby amended by adding the following subparagraph:

"(3) For a person receiving Part A dividend and interest income, an amount equal to 50 per cent of the lower of $4,000 of such Part A dividend and interest income for each person who, for the taxable year, both: (a) claimed the additional exemption afforded by Part B of this section for those persons who had attained the age of 65 during said taxable year; and (b) had total adjusted gross income of no more than:

"(i) in the case of a married couple filing jointly who have claimed two exemptions under the provisions of clause (C) of subparagraph 2 of paragraph (b) of Part B of this section, $60,000;

of the bill if enacted into law and requests our opinion on the following question:

> "Does the income tax deduction allowed to certain lower-income elderly taxpayers by Senate No. 2050 constitute a reasonable exemption or abatement as provided in Article 44 of the Amendments to the Constitution of the Commonwealth?"

Article 44 of the Amendments to the Constitution, set forth in full in the margin,[2] authorizes the General Court to "grant reasonable exemptions and abatements" in spite of the general requirement that taxes on income derived from the same class of property "be levied at a uniform rate throughout the commonwealth." The "reasonable exemptions" provision of art. 44 "does not authorize special treatment that undercuts the dominant requirement of uniformity" in State income taxation. *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth*, 384 Mass. 209, 242 (1981). For this reason, legislation granting exemptions from taxation is "strictly construed." *Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330, 332 (1941). The power of exemption, however, "implies to some extent the power of discrimination and of classification required by the best interests of society." *Opinion of the Justices*, 270 Mass. 593, 601 (1930).

The question presented asks whether the fixed exemptions outlined in Senate No. 2050 are "reasonable" and thus not offensive to art. 44. In 1930, the Justices answered a similar question regarding a bill which would grant a small, fixed income

---

"(ii) in the case of a single person or a head of household filer, $30,000.

"SECTION 2. This act shall be effective for any tax year beginning on or after January 1, 1998."

[2]"Full power and authority are hereby given and granted to the general court to impose and levy a tax on income in the manner hereinafter provided. Such tax may be at different rates upon income derived from different classes of property, but shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property. The general court may tax income not derived from property at a lower rate than income derived from property, and may grant reasonable exemptions and abatements. Any class of property the income from which is taxed under the provisions of this article may be exempted from the imposition and levying of proportional and reasonable assessments, rates and taxes as at present authorized by the constitution. This article shall not be construed to limit the power of the general court to impose and levy reasonable duties and excises."

tax exemption to individuals whose net annual income did not exceed $10,000.[3] In advising that these exemptions comported with the uniformity requirement of art. 44, the Justices first recognized that the fixed exemptions were "not so large as to bear on their face indications of want of equality between the inhabitants." *Opinion of the Justices, supra* at 601. They then took note of the bill's purpose, namely to grant the fixed exemptions "solely on the basis of *lack of ability* to pay the tax" (emphasis added). *Id.* at 603. Cf. *Massachusetts Taxpayers Found., Inc.* v. *Secretary of Admin.*, 398 Mass. 40, 47-48 (1986) (striking down as violative of art. 44 legislation "unabashedly intended to apportion tax relief among the taxpayers based on their *relative ability* to pay" [emphasis added]). Consequently, the Justices opined that, while "approaching to the verge of reasonableness," the bill's simple plan to exempt those who lacked the ability to pay by means of a fixed exemption did not violate art. 44. *Opinion of the Justices, supra* at 601. See *Massachusetts Taxpayers Found., Inc.* v. *Secretary of Admin., supra* at 48.

For similar reasons, the Justices now conclude that the exemption contained in Senate No. 2050 is likewise reasonable. This bill proposes to grant deductions, not to exceed $4,000, to elderly individuals whose total adjusted gross income is $30,000 or less ($60,000 or less for elderly married couples). In our view, not even the maximum possible deduction, $4,000, is so great as to foster any significant inequality in the relative burdens borne by taxpayers. See *Opinion of the Justices, supra* at 601. More importantly, implicit in the proposed bill is the legislative determination that elderly persons earning $30,000 or less live on limited incomes and thus truly need the exemption. See Senate Committee on Ways and Means Executive Summary of Fiscal Year 1998 Budget Recommendations, Sen. No. 1998. Based on this determination the bill extends limited relief only to those individuals who wholly "lack the ability to pay" more taxes. *Id.* As such, it approaches, but does not exceed, the bounds of reasonableness under art 44. See *id.*

---

[3]Specifically, the bill proposed income tax deductions of $1,500 for single persons and $3,000 for married couples. *Opinion of the Justices*, 270 Mass. 593, 598 (1930). The stated purpose of the deduction was "to relieve from taxation those whose income is no more than sufficient to support the recipient and his immediate family, and keep within fair bounds the burden upon those whose ability to pay because of inadequate income is low." *Id.* at 600-601.

The Justices therefore conclude the proposed bill complies with the provision of art. 44 requiring exemptions from uniform taxation to be "reasonable."

We answer the question, "Yes."

The foregoing opinion and answer is submitted by the Chief Justice and the Associate Justices subscribing hereto on the twelfth of February, 1998.

HERBERT P. WILKINS

RUTH I. ABRAMS

NEIL L. LYNCH

JOHN M. GREANEY

CHARLES FRIED

MARGARET H. MARSHALL

RODERICK L. IRELAND